John Tehranian (Bar No. 211616)
jtehranian@onellp.com
Samareh J. Afrasiabi (Bar No. 330369)
safrasiabi@onellp.com
**ONE LLP**
4000 MacArthur Boulevard
East Tower, Suite 500
Newport Beach, CA 92660
Telephone: (949) 502-2870
Facsimile: (949) 258-5081

Attorneys for Plaintiff
Artisanal Publishing LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTISANAL PUBLISHING LLC, a California limited liability company,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BIZ BELLY CORPORATION d/b/a GLOBALMART ONLINE SHOP, a New Jersey corporation; and DOES 1-10, inclusive,<br><br>　　　　　Defendants. | Case No. 8:21-cv-00074<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 101 et seq.)**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

Artisanal Publishing LLC ("Plaintiff" or "Artisanal"), by and through its attorneys of record, complains against Biz Belly Corporation d/b/a Globalmart Online Shop ("Defendant" or "Biz Belly") as follows:

## JURISDICTION AND VENUE

1. This is a civil action against Defendants for their acts of copyright infringement in violation of the United States Copyright Act, 17 U.S.C. §§ 101 et seq.

2. This Court has subject matter jurisdiction over the copyright infringement under 28 U.S.C. § 1331, 17 U.S.C. § 501(a), and 28 U.S.C. § 1338(a).

3. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) in that the claim arises in this Judicial District, the Defendants may be found and transact business in this Judicial District, and the injury suffered by Plaintiff took place in this Judicial District. Defendants are subject to the general and specific personal jurisdiction of this Court because of their contacts with the State of California.

## PARTIES

4. Plaintiff Artisanal Publishing LLC is a California limited liability company with its principal place of business in Santa Ana, California.

5. Plaintiff is informed and believes and, upon such, alleges that Defendant Biz Belly Corporation d/b/a Globalmart Online Shop is a New Jersey corporation with its principle place of business at 103 Dahlia Circle, Dayton, NJ 08810.

6. DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained. Plaintiff is informed and believes and, upon such, alleges that each of the Defendants designated herein as a "DOE" are legally responsible in some manner for the events and happenings

herein alleged, and that Plaintiff's damages as alleged herein were proximately caused by such Defendants.

## STATEMENT OF FACTS

*Plaintiff and the Book Forming the Subject Matter of This Dispute*

7.  Michael Kim is a prominent instructor in the educational testing industry who has authored several LSAT-related textbooks and study guides, including *The LSAT Trainer: A Remarkable Self-Study Guide for the Self-Driven Student* (ISBN-13: 978-0989081535; ISBN-10: 0989081532) (the "Book"), which is sold and distributed in paper and electronic form.

8.  Plaintiff is the owner of all rights, title and interests, including the copyright, in and to the Book, and the Book is timely registered with the United States Copyright Office (Registration No. TX0008532620).

9.  The Book has enjoyed tremendous critical and commercial success. It has been rated a "#1 Best Seller" by Amazon and is widely regarded as one of the leading LSAT prep books. In 2019, according to *New York Magazine*, it was considered one of the "six best LSAT prep books" by tutors and lawyers, and the "best textbook-style LSAT book."[1] Moreover, since 2017, Plaintiff has sold around 90,000 new copies of the Book and, about 50,000 new copies in the last twelve months alone. The Book's retail price is $64.99, and, although purchases can be made through Plaintiff's website, www.thelsattrainer.com, or via booksellers such as Barnes and Noble, a significant portion of its marketplace sales occur through Amazon.com and Plaintiff operates a page on the Amazon.com website located at https://www.amazon.com/LSAT-Trainer-Remarkable-Self-Study-Self-Driven/dp/0989081532/ wherein it sells the book.

10.  Plaintiff has never licensed his copyrights in the Book to the Defendants and has never authorized any use thereof by the Defendants.

---

[1] https://nymag.com/strategist/article/best-lsat-prep-books.html

*The Defendants and Their Infringing Activity*

11. On information and belief, Defendants own, operate and/or control the webpage located at https://www.amazon.com/sp?seller=A2A5EA1BJDQMVF, where Defendants sell and distribute textbooks and other materials under the storefront "Globalmart Online Shop" ("Defendants' Online Shop").

12. On said Defendants' Online Shop, Biz Belly has been selling, displaying, and distributing counterfeit copies of Plaintiff's Book and its content and/or unauthorized derivatives thereof (the "Counterfeit Copies") by and through Defendants' Online Shop and elsewhere.

13. Plaintiff has never authorized any exploitation whatsoever, including but not limited to the sale, display or distribution, of the Counterfeit Copies by Defendants.

14. The Counterfeit Copies are listed as "used" at Defendants' Online Shop, but are in fact brand new unauthorized counterfeit and/or derivative versions of the Book, which are being sold in the range of $26.95 to $50, thereby directly undercutting Plaintiff's market for its book in a manner that is not permitted by law. A true and correct copy of Defendants' Online Shop listing the Counterfeit Copies for sale on amazon.com (under the name "Globalmart Online Shop" for $41.00 with free shipping for an allegedly "Used – Like New" book) is attached hereto as Exhibit A.

15. The copies of the Book being sold by Defendants are most certainly not legitimate used copies of the Book and said copies have not been lawfully made under title 17 of the United States Code. They are, in other words, counterfeits and/or unauthorized derivative versions of the Book.

16. The illegitimacy of Defendants' Counterfeit Copies is evidenced by the numerous nuanced, but definitive, differences in the typeface, setting, paper and look and feel of Plaintiff's Book (labeled "Real" in the following images) versus the Counterfeit Copies (labeled "Fake" in the following images)—

differences that manifest the perennial hallmarks of piracy. The image below illustrates the differences between the spine and dimensions of the Book and Defendant's unauthorized rendition thereof. First, the Counterfeit Copies, are thinner in depth, and shorter in width and length than Plaintiff's authentic copy. Specifically, the Book has a width and height of 8.5 inches and 11 inches, respectively. Contrastingly, the Counterfeit Copies have a width and height of 8.45 inches and 10.85 inches, respectively. Additionally, the Book is 1.35 inches thick, whereas the Counterfeit Copies depth is measured to be 1.3 inches thick. Indeed, the Counterfeit Copies utilize a bolder and thicker font than Plaintiff's Book. It is also clear that the indentation and placement of the spines' texts varies between the Counterfeit Copies and the Book; while the Book's spine text is more centered, the Counterfeit Copies' spine text is oriented more in the upper portion of the spine.



17.     The fonts' contrasting qualities can be further exemplified by comparing the elements of the Counterfeit Copies' and the Book's front cover titles. Besides the coloring being noticeably dissimilar, wherein Plaintiff's Book bears an overall brighter and bluer hue, the fonts' alphabetical characters are quite different as well. Moreover, the Counterfeit Copies use a darker and flatter blue tone for the cover title's characters, which is especially noticeable in the "LSAT" letters. These stylistic differences are obvious when analyzing the books' "S" text

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

details side-by-side. Specifically, the Book's "S" is narrower and more elongated than the Counterfeit Copies' "S." Additionally, the Book's "S" tips enclose the open space between the "S" curvatures to a deeper extent than that of the Counterfeit Copies' "S."



18. Furthermore, the front cover subtitles are markedly different between the authentic Book and Defendants' counterfeit version. A close examination reveals that the space between the letters in the Book's typeface have a set-width narrower and more condensed than that of the Counterfeit Copies; Defendants' subtitle characters appear less compressed and farther apart from adjacent characters.



19. In addition to the aforementioned aesthetic distinctions, the quality and finish of the Book and Counterfeit Copies are vastly dissimilar. Remarkably, the Book's front and back covers are more matte and less reflective than the Counterfeit Copies' glossy finish. And the bound pages within the Counterfeit

Copies resemble photocopies of the authentic pages. Moreover, the Counterfeit Copies' front cover, back cover, and interior pages consist of texture that feels of inferior quality. In fact, consumers have complained about the low quality of the Counterfeit Copies received from Defendants. One purchaser of Defendants' product left a review which reads that they received a "cheap crafted book" with a thin cover page ("easy to mangle if not careful") and poorly appended pages. A true and correct copy of the purchaser's review is attached hereto as Exhibit B.



20. Indeed, even the product packaging is inconsistent with that of Plaintiff's Book, and significantly, from what one would expect from an authentic "used" book. On information and belief, one purchaser left a review claiming the copy they had received through Defendants was a freshly printed and brand-new version, albeit with inferior quality due to poor manufacturing, with pages not properly precut. Another buyer noted that the book was wrapped in styrofoam and a plastic bag, which is distinguishable from Plaintiff's deliverable and an indication of its unused condition. A true and correct copy of the purchasers' reviews are attached hereto as Exhibit C.

21. And notably, the books' publishers are completely different, unrelated entities. Plaintiff's Book is published by Artisanal, whereas, on information and

belief, Defendants' Counterfeit Copies are printed by Life of Riley (opc) Private, Ltd ("Life of Riley").[2] In fact, on information and belief, at one juncture in time, the Counterfeit Copies were sold and accessorized with a "Life of Riley, Ltd" bookmark.

22.   Plaintiff has attempted to resolve this case short of litigation. Among other things, Plaintiff approached Defendants to request that they cease and desist unlawful use of its copyrighted works and take appropriate steps to resolve this matter amicably. Defendants and their representatives failed to communicate any response, instead, in an attempted act of subterfuge meant to lure Plaintiff into a false sense that its cease and desist letter succeeded, Defendants temporarily removed the Counterfeit Copies from their Defendants' Online Shop. But said action was just a disingenuous attempt to evade Plaintiff's enforcement efforts. Not too long thereafter, Defendants reinitiated their infringing conduct and began selling, displaying and distributing the Counterfeit Copies again on the marketplace. Defendants' takedown of the infringement was short lived, as the Counterfeit Copies were reinstalled into the marketplace shortly thereafter.

23.   Defendants falsely market their Counterfeit Copies as "used" copies of Plaintiff's Book. Indeed, on information and belief, Defendants account for a majority of Plaintiff's Book's "used" sales and, since February 2020, Defendants' Online Shop has headlined Amazon's "Used Buy" box for Plaintiff's product, which only helps to further exacerbate the number of infringed sales. On information and belief, it is estimated that in the last year alone, Defendants have sold thousands, if not tens of thousands, of Counterfeit Copies through Defendants'

---

[2] On information and belief, Life of Riley prints books for Biz Belly, among others, and manages their export shipments. A Sample Bill of Lading identifies Biz Belly as one of Life of Riley's consignees. This shipping record further identifies a total of 1050 items being transported from Mumbai, India to the United States for Biz Belly. The value of these identified good is estimated to be around $15,700 USD. A true and correct copy of the Sample Bill of Lading is attached hereto as Exhibit D.

Online Shop alone and have generated hundreds of thousands, if not millions, of dollars in ill-gotten revenues as a result.

24. As an established and sophisticated book seller, Defendants possess full knowledge of the strictures of federal copyright law and the basic requirements for licensing the use of copyrighted content for commercial exploitation. In addition, they have been given formal notice of their infringing acts. Nevertheless, despite this, Defendants continue to exploit the unauthorized and unlawful distribution of the Plaintiff's copyrighted works, in direct violation of Plaintiff's exclusive rights to the Book, as secured under the federal Copyright Act, 17 U.S.C. § 106. Moreover, Defendants have attempted to trick Plaintiff into thinking they have stopped infringing. Thus, Defendants have willfully infringed, and continue to willfully infringe, Plaintiff's book with the purpose and goal of financial gain.

25. As such, Defendants have given Plaintiff no alternative but to file suit to protect its basic intellectual property rights from willful infringement and remedy the damage that has been done, and continues to be done, to its business as a result.

## FIRST CLAIM FOR RELIEF
**(Copyright Infringement, 17 U.S.C. § 501)**

26. Plaintiff incorporates here by reference the allegations in paragraphs 1 through 25 above.

27. Plaintiff is the owner of all rights, title and interest in the copyrights to the Book, which substantially consists of material wholly original with Plaintiff and which is copyrightable subject matter under the laws of the United States. Plaintiff has complied in all respects with the Copyright Act and all of the laws of the United States governing copyrights. The Book has been timely registered with the United States Copyright Office.

28. Defendants have directly, vicariously and/or contributorily infringed, and unless enjoined, will continue to infringe Plaintiff's copyright by reproducing,

displaying, distributing and utilizing the Book, and derivatives thereof, for purposes of trade in violation of 17 U.S.C. § 501 et seq.

29. Defendants have willfully infringed, and unless enjoined, will continue to infringe Plaintiff's copyright by knowingly reproducing, displaying, distributing and utilizing the Book, and derivatives thereof, for purposes of trade.

30. All of Defendants' acts are and were performed without Plaintiff's permission, license, or consent.

31. The said wrongful acts of Defendants have caused, and are causing, great injury to Plaintiff, which damage cannot be accurately computed, and unless this Court restrains Defendants from further commission of said acts, it will suffer irreparable injury, for all of which it is without an adequate remedy at law. Accordingly, Plaintiff seeks a declaration that Defendants are infringing its copyrights and an order under 17 U.S.C. § 502 enjoining Defendants from any further infringement of its copyrights.

32. As a result of the acts of Defendants alleged herein, Plaintiff has suffered and is suffering substantial damage to its business in the form of loss of profits, injury to goodwill and reputation, and the dilution of the value of its rights, all of which are not yet fully ascertainable

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1. That the Defendants, its officers, agents, servants, employees, representatives, and attorneys, and all persons in active concert or participation with them, be permanently enjoined from designing, copying, reproducing, displaying, promoting, advertising, distributing, or selling, or any other form of dealing or transaction in, any and all advertising and promotional materials, print media, signs, Internet websites, or any other media, either now known or hereafter devised, bearing any image or design which infringe, contributorily infringe, or vicariously infringe upon Plaintiff's Book;

2. For the entry of a seizure order directing the U.S. Marshall to seize and impound all items possessed, owned or under the control of Defendants, their officers, agents, servants, employees, representatives and attorneys, and all persons in active concert or participation with them, which infringe upon Plaintiff's Book, including but not limited to any and all broadcasting materials, advertising materials, print media, signs, Internet web sites, domain names, computer hard drives, servers or any other media, either now known or hereafter devised, bearing any materials which infringe, contributorily infringe, or vicariously infringe upon Plaintiff's Book as well as all business records related thereto, including, but not limited to, lists of advertisers, clients, customers, viewers, distributors, invoices, catalogs, and the like.

3. For actual damages and disgorgement of all profits derived by Defendants from its acts of copyright infringement and to reimburse Plaintiff for all damages suffered by it by reasons of Defendants' acts, pursuant to 17 U.S.C. §§ 504 (a)(1) & (b).

4. For an accounting of all profits, income, receipts or other benefit derived by Defendants from the reproduction, copying, display, promotion, distribution or sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringe upon Plaintiff's copyrights pursuant to 17 U.S.C. §§ 504 (a)(1) & (b).

5. For statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. §§ 504(a)(2) & (c).

6. For costs and interest pursuant to 17 U.S.C. §§ 504 (a)(1) & (b), 505.

7. For reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 505.

/ / /

/ / /

/ / /

8. For any such other and further relief as the Court may deem just and appropriate.

Dated: January 14, 2021  **ONE LLP**

By: /s/ John Tehranian
 John Tehranian
 Samareh J. Afrasiabi

 Attorneys for Plaintiff
 Artisanal Publishing LLC

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

## DEMAND FOR JURY TRIAL

Artisanal Publishing LLC hereby demands trial by jury of all issues so triable under the law.

Dated: January 14, 2021          **ONE LLP**

By: /s/ John Tehranian
John Tehranian
Samareh J. Afrasiabi

Attorneys for Plaintiff
Artisanal Publishing LLC