1  Michael N. Cohen (SB# 225348)
   mcohen@cohenip.com
2  Chong H. Roh (SB# 242437)
   croh@cohenip.com
3  COHEN IP LAW GROUP, PC
   9025 Wilshire Boulevard, Suite 301
4  Beverly Hills, California  90211
   T: (310) 288-4500
5  F: (310) 246-9980

6  Attorneys for Defendant,
   BIZ BELLY CORPORATION
7

8  **UNITED STATES DISTRICT COURT**

9  **CENTRAL DISTRICT OF CALIFORNIA**

10

11  ARTISANAL PUBLISHING LLC,   ) **CASE NO. 8:21-cv-00074-JLS-DFM**
12  a California limited liability       ) Judge:  The Honorable Josephine L.
    company                              )              Staton, District Judge
13                                       )
                                         ) **NOTICE OF MOTION AND**
14  Plaintiff,                           ) **MOTION TO WITHDRAW AS**
                                         ) **COUNSEL; MEMORANDUM OF**
15  v.                                   ) **POINTS AND AUTHORITIES IN**
                                         ) **SUPPORT THEREOF**
16                                       )
    BIZ BELLY CORPORATION d/b/a          )
17  GLOBALMART ONLINE SHOP, a            ) **Hearing Date: March 18, 2022**
    New Jersey corporation; and DOES     ) **Time: 10:30 am**
18  1-10, inclusive,                     ) **Place: Courtroom 10A**
                                         )
19                                       )
    Defendants.                          )
20                                       )
                                         )
21  _____      )

22

23

24

25

26

27

28

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on March 18, 2022, at 10:30 a.m., or as soon thereafter as may be heard in Courtroom 10A before the Honorable Judge Josephine L. Staton of this Court, located at Ronald Reagan Federal Building and United States Courthouse, 411 W. Fourth St., Santa Ana, CA, 92701, Michael N. Cohen and Chong Roh of Cohen IP Law Group, counsel of record for Defendant Biz Belly Corporation in the above-captioned action, will and hereby do move the Court for leave to withdraw their appearances as counsel of record for Biz Belly Corporation.

This Motion is made pursuant to Local Rule 83-2.3.2 and the California Rules of Professional Conduct 1.16(b)(4). This Motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Declaration of Chong Roh, the records and files herein, and such evidence as may be presented at the hearing on the Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Cohen IP Law Group (the "Firm"), counsel of record for Defendant Biz Belly Corporation, respectfully requests leave to withdraw as counsel for Biz Belly Corporation pursuant to California Rules of Professional Conduct 1.16(b)(4). In order to protect attorney-client confidences, the Firm will not divulge the specifics or evidence of the reasons why it must withdraw as counsel for Defendant Biz Belly Corporation (Roh Decl. ¶ 4.) At the Court's request, the Firm will amplify and explain its reasons for seeking to withdraw and respond to any questions the Court may have regarding the situation *in camera*. (Roh Decl. ¶ 5.)

## II. ARGUMENT

Rule 3-700 of the California Rules of Professional Conduct permits an attorney to withdraw from representation of a client in several circumstances, including if the client "renders it unreasonably difficult for the [attorney] to carry out the employment effectively." Cal. Rules of Prof'l Conduct 3-700(C)(1)(d). "The decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court." *Marcus v. ABC Signature Studios, Inc.*, No. 17-00148, 2017 WL 5635020, at *1 (C.D. Cal. June 7, 2017) (citing *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009); *Kannan v. Apple Inc.*, No. 5:17-cv-07308, 2020 WL 75942, at *1 (N.D. Cal. Jan. 7, 2020)). Courts weigh four factors in considering such a motion:

(1) the reasons why withdrawal is sought;

(2) the prejudice withdrawal may cause to other litigants;

(3) the harm withdrawal might cause to the administration of justice; and

(4) the degree to which withdrawal will delay the resolution of the case.

Kannan, 2020 WL 75942, at *1.

The Firm must withdraw from this representation for reasons that include that there has been a breakdown in the attorney-client relationship such that "the client by other conduct [has rendered] it unreasonably difficult for the [Firm] to carry out the representation effectively." Cal. R. Prof. Conduct 1.16(b)(4); See, e.g., *McClintic v. U.S. Postal Service*, No. 1:13-cv-00439, 2014 WL 51151, at *2 (E.D. Cal. Jan. 7, 2014) (breakdown of communication justified granting counsel's request to withdraw); *U.A. Local 342 Joint Labor-Management Committee v. South City Refrigeration, Inc.*, No. C-09-3219 JCS, 2010 WL 1293522, at *3 (N.D. Cal. Mar. 31, 2010) (client's failure to cooperate or communicate effectively justified granting attorney's request for leave to withdraw); *Lewis v. Nevada Cnty.*, No. CIV S-07-1653 FCD/EFB, 2009 WL 463510, at *1 (E.D. Cal. Feb. 23, 2009)

(client's failure to cooperate and follow attorney's advice justified granting attorney's request to withdraw).

Because the Firm remains bound by its duty of confidentiality to Defendant Biz Belly Corporation, the Firm cannot divulge the full nature of the breakdown of the attorney-client relationship, but can and does attest to its existence. (Roh Decl. ¶ 4). At the Court's request, the Firm will amplify and explain its reasons for seeking to withdraw and respond to any questions the Court may have regarding the situation *in camera*. (*Id.*). However, the Firm can divulge that it has lost contact with Biz Belly Corporation. (Roh Decl. ¶ 6.)

The remaining factors also weigh in favor of granting the Firm's motion. Discovery is at a standstill because of counsel's inability to respond on behalf of Biz Belly Corporation due to the breakdown in communication. Thus, withdrawal will not cause prejudice to other litigants, harm to the administration of justice, or further delay the resolution of the case. Moreover, the Firm has provided Biz Belly Corporation with reasonable written notice of its intent to withdraw. (Roh Decl. ¶ 3.) The Firm has also provided Plaintiff with notice of its intent to withdraw on multiple occasions. (*Id.*) Given such notice, if Biz Belly Corporation wishes, it will have sufficient time to retain new counsel, and for new counsel to familiarize themselves with and prosecute the case.

//

## III. CONCLUSION

For the reasons stated above, Cohen IP Law Group respectfully requests the Court's permission to withdraw as counsel for Biz Belly Corporation.

Respectfully Submitted,

Dated: September 29, 2021                     COHEN IP LAW GROUP


By:   /s/ *Chong Roh*
      MICHAEL COHEN
      CHONG ROH

      Attorneys for Defendant,
      BIZ BELLY CORPORATION

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Electronic Service List for this Case.

Dated: September 29, 2021                    By: */s/Chong Roh*
                                                  Chong Roh