UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV21-00074 JLS (DFMx) | Date: | November 2, 2021 |
|---|---|---|---|
| Title | ARTISANAL PUBLISHING LLC v. BIZ BELLY CORP. et al. | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Plaintiff(s): | Attorney(s) for Defendant(s): |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order re: Plaintiff's Motion for Attorney's Fees (Dkt. 36)

On September 14, 2021, I granted Plaintiff's motion to compel further responses to its written interrogatories and requests for production of documents. See Dkt. 32. I also found that payment of Plaintiff's reasonable expenses incurred in making its motion, including its attorney's fees, were warranted under Rule 37(a)(5)(A). See id. at 2. This motion followed.

Plaintiff initially sought $16,348.50. See Dkt. 36 at 2. Plaintiff later amended its request to seek $13,412.00, the reduced amount reflecting an error in counsel's hours and a small additional reduction for work that did not directly relate to the making of the motion. See Dkt. 42 at 6, 7. Defendant argues that Plaintiff's fees are unreasonable. See Dkt. 38 at 3-5. Defendant also argues that Defendant's counsel should not be responsible for fees associated with the motion for attorney's fees. See id. at 5-6.

I have already decided that an award of fees is warranted. See Dkt. 32 at 2. I must now calculate the proper amount to ensure that it is reasonable. To do so, I perform a two-step process. First, I calculate a "lodestar" figure, by multiplying the number of hours Plaintiff spent on the motion to compel and this fees motion by a reasonable hourly rate. Second, where appropriate, I may adjust the lodestar amount based on the "Kerr" factors.

I have reviewed the Afrasiabi declaration and its supporting materials. I find that the time spent by Plaintiff's counsel after the informal telephone conference on August 12, 2021 related to the filing of the motion to compel and the instant motion for fees is reasonable. I almost never award fees for time spent in the meet-and-confer process or related to my informal telephone conference. I value both to limit unnecessary and wasteful motion practice; I fear that awarding

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

fees for time spent related to those matters would be counter-productive. I also find that the rates charged by Plaintiff's counsel are reasonable.

I accordingly find that 12.4 hours for Ms. Afrasiabi and .5 hours for Mr. Tehranian associated with the filing of the motion to compel and this fees motion are reasonable. I also find that Plaintiff's counsel is entitled to some fees for preparation of the reply brief, but I reduce slightly the time spent by Ms. Afrasiabi (from 10.7 hours to 6.0). I calculate the lodestar amount as follows:

| Lawyer | Motion Hours | Reply Hours | Rate | Fees |
|---|---|---|---|---|
| Tehranian | 0.5 | 2.0 | $595.00 | $1,487.50 |
| Afrasiabi | 12.4 | 6.0 | $350.00 | $6,440.00 |
| **TOTAL** | | | | **$7,927.50** |

Neither party requests an adjustment of the lodestar amount based on the Kerr factors. I find no reason to make such an adjustment.

Defendant's counsel argues that an award of fees against counsel is unwarranted. As an initial matter, Rule 37(a)(5)(A) makes clear that counsel can be ordered to pay a prevailing party's reasonable expenses. See Fed. R. Civ. P. 37(a)(5)(A) ("the court must . . . require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses"). And I cannot agree that counsel is blameless here. Defendant's counsel filed a responsive pleading on behalf of its client less than six months ago, a pleading presumably filed in compliance with Rule 11's requirements. The fact that counsel has had an unspecified "breakdown" in its relationship with its client cannot absolve counsel from its professional responsibility to participate in this litigation. It is frustrating if not outright maddening that Defendant's counsel waited over six weeks from the parties' August 12 telephone conference to file an 11-page motion to withdraw. It is also telling that Defendant's counsel has made no effort to advance its hearing date on Judge Staton's calendar, even if such an effort might be fruitless. See https://www.cacd.uscourts.gov/honorable-josephine-l-staton (last visited November 1, 2021) ("the filing of ex parte applications or stipulations to advance hearings in civil cases is disfavored, as doing so merely seeks to move a particular motion to the head of the line"). In the meantime, Defendant's counsel cannot frustrate Plaintiff's prosecution of this case with inaction.

Rule 37(a)(5)(A) requires that the Court award reasonable expenses in these circumstances. The Court ORDERS Defendant and its counsel to pay Plaintiff the sum of $7,927.50 as its reasonable expenses in bringing the motion to compel and this fees motion. Defendant and its counsel shall pay this sum to Plaintiff within thirty-five (35) days.